UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-116 |
| --- | --- | --- |
| v. | : | |
| JULIA V. GOLDSON, | : | VIOLATION: 18 U.S.C. § 641 |
| | : | (Embezzlement of Government Money) |
| Defendant. | : | |

JUN 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF THE OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant JULIA V. GOLDSON ("GOLDSON") agrees and stipulates as follows:

1. GOLDSON was employed as an Administrative Staff Assistant in the National Highway Traffic Safety Administration's Office of Defects Investigation ("NHTSA"), which is part of the U.S. Department of Transportation. GOLDSON began her work at NHTSA in or about August 2001, after working at as a federal employee at the Government Printing Office. GOLDSON worked for NHTSA in the Nassif Building, located at 400 7th Street, NW, in the District of Columbia. As of September 2004, GOLDSON had worked for the federal government for approximately fifteen years.

2. BEATRIZ L. VILLA ("VILLA") was also employed as an Administrative Staff Assistant for NHTSA. VILLA's job responsibilities included, among other things, entering time and attendance information in the Department of Transportation's Integrated Personnel and Payroll System ("Payroll System") for employees in her section. In or about January 2003, VILLA began to input GOLDSON's time and attendance records into the Payroll System.

3. GOLDSON and VILLA were paid on a bi-weekly basis and received a Statement of Earnings and Leave for each pay period. GOLDSON and VILLA were required to obtain advance, written approval for any overtime hours they were to work.

4. Between January 2003 and December 2003, GOLDSON, by and through her timekeeper, VILLA, embezzled more than $12,000 from the United States by knowingly receiving funds pursuant to fraudulent claims for overtime.

5. Between January 2003 and December 2003, GOLDSON fraudulent appropriated the $12,000 in government funds for her benefit and for the benefit of her family.

6. Between January 2003 and December 2003, GOLDSON acted knowingly and willingly with the intent to deprive the government of money by receiving approximately $12,000 in fraudulent overtime claims that VILLA submitted on her behalf. GOLDSON knew that VILLA was submitting fraudulent overtime claims on her behalf. GOLDSON knew she was not entitled to receive overtime pay and in fact spoke on several occasions with VILLA about the risks of the fraudulent overtime claims being discovered. GOLDSON was aware that VILLA was submitting VILLA's own fraudulent overtime claims.

7. For example, in or about December 2003, for pay period 26, VILLA entered into the computer Payroll System time and attendance records for GOLDSON stating that GOLDSON worked five hours of overtime on Sunday, November 30, 2003, ten hours of overtime on Saturday, December 6, 2003, and ten hours of overtime on Sunday, December 7, 2003, when, in fact, GOLDSON did not work any of those hours of overtime. GOLDSON was paid by the United States for those unauthorized and unworked overtime hours through a direct deposit into her bank accounts.

8. On or about September 23, 2004, GOLDSON was confronted with the facts of her fraudulent receipt of overtime and was presented with a written proposed termination notice from Kenneth N. Weinstein, the Associate Administrator for Enforcement at NHTSA. After receiving the proposed termination letter, GOLDSON resigned her position at NHTSA.

### DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and after consulting with my attorney, I agree and stipulate to this Statement of Offense.

Date: 5/25/06

Julia V. Goldson
Defendant

I have discussed this Statement of Offense with my client, Ms. Goldson. I concur with her decision to stipulate to this Statement of Offense.

Date: 5/25/06

Jacqueline P. Byrd-Tillman, Esquire
Counsel for the defendant