

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 24, 2006

**BY FACSIMILE ((301) 599-2880)**

Jacqueline P. Byrd-Tillman, Esquire
9698 Marlboro Pike
Upper Marlboro, Maryland 20772

Re:  <u>Julia V. Goldson</u>   06cr116

**FILED**
JUN 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Ms. Byrd-Tillman:

This letter sets forth the full and complete plea offer to your client, Ms. Goldson. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on May 26, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges**: Ms. Goldson agrees to waive Indictment and to plead guilty to an amended one-count information charging a violation of Title 18, United States Code, Section 641 (Theft of Government Money). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Goldson and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Goldson agrees that the attached Statement of the Offense fairly and accurately describes Ms. Goldson's actions and involvement in the scheme. It is anticipated that during the Rule 11 plea hearing, Ms. Goldson will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Ms. Goldson understands that the maximum sentence that can be imposed is ten years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Goldson understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2004) (hereinafter "Sentencing Guidelines"). Ms. Goldson understands that this sentence, including the applicable sentencing guideline range, will

be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Goldson further understands that if the Court imposes a sentence that is in any way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Goldson's right to appeal an unlawful or unreasonable sentence or to appeal the district court's application of the Sentencing Guidelines.

3. **Federal Sentencing Guidelines**: The parties agree that the following Guideline Sections apply:

| § 2B1.1 | Theft of Government Money | |
|---|---|---|
| | (a) Base Offense Level | 6 |
| | (b) Specific Offense Characteristics Loss of more than $10,000 | 4 |
| | SUBTOTAL | 10 |
| §§ 3B1.2(b), 3E1.1(a) | | |
| | (a) Minor participant | -2 |
| | (b) Acceptance of responsibility | -2 |
| | TOTAL | 6 |

Your client and the government agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Ms. Goldson. As to any calculations made under the Sentencing Guidelines, your client (a) agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in the above paragraph and (b) agrees not to seek a downward departure from the otherwise applicable guideline range. In the event this plea offer is not accepted, or is accepted and subsequently withdrawn or rejected by the Court, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Ms. Goldson agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and to pay restitution of $12,000 to the United States. Ms. Goldson also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

    5. **Cooperation**: Ms. Goldson agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the United States Department of Transportation Office of Inspector General. Specifically, Ms. Goldson agrees:

    a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that she has which relate directly or indirectly to the subject of this investigation;

    b. to answer completely, truthfully, and candidly all questions put to her by attorneys and law enforcement officials during the course of this investigation;

    c. to make herself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e. not to disclose the fact of or details regarding her cooperation with law enforcement to any person or entity;

    e. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that she shall provide;

    f. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to her by the Court or by the attorney for any party completely, truthfully, and candidly; and

    g. to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

    6. **Government Concessions**: In exchange for her guilty plea, the government agrees not to oppose Ms. Goldson's release pending sentencing; agrees not to oppose a 2-level adjustment for acceptance of responsibility pursuant to Sentencing Guidelines, Section 3E1.1(b); agrees not to oppose a 2-level adjustment for Ms. Goldson's role as a minor participant in the fraud; agrees not to oppose Ms. Goldson's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Goldson continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Goldson in the United States District Court in the District

of Columbia or the Superior Court of the District of Columbia for the theft of government money outlined in the Information. This agreement not to prosecute Ms. Goldson does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and 23 D.C. Code § 1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Goldson.

7. **Departure Committee**: At the time of Ms. Goldson's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent and value of the cooperation provided by Ms. Goldson to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Ms. Goldson to the United States. If the Departure Committee determines that Ms. Goldson has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Ms. Goldson understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Ms. Goldson further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

8. **Court is not bound**: Ms. Goldson understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

9. **Reservation of Allocution**: The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Goldson's criminal activities, subject to the provisions of the following paragraph.

10. The United States and Ms. Goldson hereby agree that since Ms. Goldson has agreed to cooperate with the United States, information provided by Ms. Goldson shall not be held against her, except as follows (see Sentencing Guidelines Section 1B1.8):

    A.    information that was known to the United States prior to the date this plea agreement was agreed to by Ms. Goldson;

    B.    in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

MAY-24-2006 18:06

Case 1:06-cr-00116-PLF   Document 8   Filed 06/01/2006   Page 5 of 7   P.06/14

Letter to Ms. Byrd-Tillman, Esquire
May 24, 2006
Page 5

      C.    if there is a breach of this agreement by Ms. Goldson, as determined under the provisions of this agreement. In the event of such a breach, the United States retains the right to use any information provided by Ms. Goldson to impeach her at any subsequent proceeding.

11. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

12. **Breach of Agreement**: If Ms. Goldson fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if she commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Ms. Goldson should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Goldson release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Goldson will not have the right to withdraw the guilty plea; (c) Ms. Goldson shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Goldson, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this cooperation agreement. Ms. Goldson waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements she has made.

13. In the event of a dispute as to whether Ms. Goldson has knowingly given materially false, incomplete or misleading information in fulfilling the terms of her cooperation agreement or whether Ms. Goldson has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Ms. Goldson so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Ms. Goldson's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

14. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Goldson knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

15. **Presence of Counsel**: At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Goldson shall be entitled to the presence, advice, and assistance of counsel, unless waived.

16. **USAO's Criminal Division Bound**: Ms. Goldson understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Goldson.

17. **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Goldson, Ms. Goldson's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Goldson may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Goldson and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: TIMOTHY G. LYNCH
Assistant United States Attorney

Letter to Ms. Byrd-Tillman, Esquire
May 24, 2006
Page 7

      I have read this plea agreement and have discussed it with my attorney, Jacqueline P. Byrd-Tillman, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

      I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5/25/06

Julia V. Goldson
Defendant

      I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5/25/06

Jacqueline P. Byrd-Tillman, Esquire
Attorney for the Defendant