UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-116 |
| | : | |
| v. | : | |
| | : | |
| JULIA V. GOLDSON, | : | VIOLATION: 18 U.S.C. § 641 |
| | : | (Embezzlement of Government Money) |
| Defendant. | : | |

## MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing. As shown below, the government does not oppose defendant's request for an adjustment based on her role in the offense, and the government requests that the defendant's guideline level be adjusted based on her early acceptance of responsibility. Moreover, pursuant to its cooperation agreement, the government moves the Court to reduce Ms. Goldson's offense level based on her cooperation with the government's investigation.

## BACKGROUND

Ms. Goldson was employed as an administrative staff assistant in the National Highway Traffic Safety Administration's Office of Defects Investigation, which is part of the U.S. Department of Transportation. She began her work at NHTSA in or about August 2001, after working at as a federal employee at the Government Printing Office.

Ms. Goldon's colleague, Beatriz L. Villa, was also employed as an Administrative Staff Assistant for NHTSA. Villa's job responsibilities included, among other things, entering time and attendance information in the Department of Transportation's Integrated Personnel and

Payroll System for employees in her section. In or about January 2003, Villa began to input Goldson's time and attendance records into the Payroll System.

Goldson and Villa were paid on a bi-weekly basis and were required to obtain advance, written approval for any overtime hours they were to work. Between January 2003 and December 2003, Goldson, by and through her timekeeper, Villa, embezzled more than $12,000 from the United States by knowingly receiving funds pursuant to fraudulent claims for overtime. Goldson knew that Villa was submitting fraudulent overtime claims on her behalf and in fact spoke on several occasions with Villa about the risk of their fraudulent overtime claims being discovered.

On December 16, 2004, when first interviewed at her home by special agents of the United States Department of Transportation's Office of the Inspector General, Ms. Goldson gave a written confession admitting that she "knew receiving this money was wrong, but desperation took over reasoning."

## DISCUSSION

I.  **Adjustment for Role in the Offense**

Section 3B1.2 of the United States Sentencing Guidelines provides for a two level decrease in the offense level "[i]f the defendant was a minor participant in any criminal activity * * *." The comments to that section of the Guidelines define "minor participant" as "a defendant * * * who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, App. Note 5.

Ms. Goldson falls into that category of culpability. She knew full well that she was obtaining money through fraud. But she did not ask to receive the money: her fraud began as a

passive receipt and then continued thereafter in a knowing and voluntary (but still passive) form. Her continued, knowing receipt of fraudulent overtime for paycheck after paycheck and paycheck—even after she expressed concern to Villa about their scheme being discovered—rendered her conduct plainly criminal. But the method by which she received the fraudulent funds (through Villa, without having been asked), and Villa's apparent motive for giving Goldson the fraudulent overtime (to hold it over her head in avoiding assignments), suggests that she is less culpable than Ms. Villa in this scheme; and that she deserves an adjustment based on that difference.

## II.   Adjustment for Acceptance of Responsibility

Section 3E1.1(b) provides for a three level adjustment for acceptance of responsibility to a defendant whose offense level is greater than 16 and who "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of [her] intention to enter a plea * * *." U.S.S.G. § 3E1.1.

Ms. Goldson should receive a three-level adjustment under this section because she (a) gave a confession to investigators at the first opportunity; (b) met with undersigned counsel and successfully debriefed; and (c) notified the government of her willingness to plead guilty and cooperate with the government in a timely fashion.

## III.   Departure for Substantial Assistance to Authorities

Section 5K1.1 provides authority for the Court to depart from the guidelines based on a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1.

Although the government is constrained by Rule 6(e) of the Federal Rules of Criminal Procedure from specifying some of the specific information Ms. Goldson provided, and some of the steps she took, during the course of the investigation of Ms. Villa, it can report:

(1) Ms. Goldson's assistance was significant and useful, inasmuch as Ms. Villa agreed to plead guilty only after Ms. Goldson had pleaded guilty pursuant to a cooperation agreement, see U.S.S.G. § 5K1.1(a)(1);

(2) The information provided by Ms. Goldson in a debriefing session was truthful, complete, and reliable, inasmuch as it formed the basis for her plea agreement and Villa's, see id. § 5K1.1(a)(2); and

(3) Ms. Goldson provided significant assistance, see id. § 5K1.1(a)(2).

Accordingly, the government respectfully submits that the Court should provide a three-level departure to Ms. Goldson based on her cooperation.

## IV.    Other Comments

As the Court noted during the plea colloquy, the Court has a variety of means of reaching the same result in sentencing this defendant. Ms. Goldson, even in the absence of an adjustment for her role in the offense and even in the absence of a departure for her assistance to authorities, would have an offense level of eight, a criminal history of I, and a guideline range of 0-6 months. The government respectfully submits that the most appropriate resolution of this case is that the defendant be given a one-year period of probation and that she be pay the restitution of $12,000 immediately, by drawing cash from her Thrift Savings Plan. By paying her restitution promptly, but not serving a period of incarceration, Ms. Goldson can bear the burden of her criminal conduct but be allowed to move past it. The Court could reach that result with or without giving Ms. Goldson credit for her cooperation and with or without adjusting her sentence based on her more minor role in the offense.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar No. 451058
UNITED STATES ATTORNEY

By: _____
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of August, 2006, I caused to be served by electronic filing and by facsimile a copy of the foregoing memorandum, to:

Jacqueline P. Byrd-Tillman, Esquire
9698 Marlboro Pike
Upper Marlboro, Maryland 20772
Facsimile Number: ((301) 599-2880)

_____
Timothy G. Lynch
Assistant United States Attorney

-5-